IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| DAVID C. ANTONY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:15-12557 |
| ) | |
| JOE COAKLEY, Warden, ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On August 20, 2015, Petitioner, acting *pro se*, filed his Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) In his Petition, Petitioner alleges that his due process rights were violated during a disciplinary action causing a loss of good time credit. (Id., pp. 1 - 16.) Specifically, Petitioner argues that "a hearing was held in 'absentia' for escape" and he "was then sanctioned 39 days of Good Conduct Time and 2 days Non-Vested Good Conduct Time." (Id.) Petitioner explains that on April 26, 2014, he was required to report back to the Residential Re-entry Center ["RRC"]. (Id.) Upon Petitioner's failure to report, the RRC reported Plaintiff to the United States Marshal Service ["USMS"]. (Id.) Petitioner states that he was arrested by the USMS on May 12, 2014. (Id.) Petitioner acknowledges that he was subsequently convicted of escape in violation of 18 U.S.C. § 751(A) in the Western District of Michigan. (Id.) Petitioner was sentenced to 18 months of imprisonment. (Id.) Petitioner does not appear to dispute his escape conviction, but complains that the BOP violated "his constitutional right to due process when a disciplinary hearing was

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

held in his absence and Good Conduct Time was sanctioned." (Id.) Petitioner complains that the BOP improperly sanctioned him with a loss of 41 days Good Conduct Time. (Id.) Petitioner alleges that "with good time credit, projected and earned, his adjusted release date would be October 10, 2015." (Id.) Petitioner complains that with "the 41 days sanctioned by the BOP, Antony has an adjusted release date of November 20, 2015." (Id.) As relief, Petitioner requests that "his good time credits be restored."[2] (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Sentence Monitoring Good Time Data As of 05-07-2015" (Id., p. 17.); (2) A copy of Petitioner's "Discipline Hearing Officer Report" dated June 19, 2015 (Id., pp. 18 - 20.); (3) A copy of the Incident Report dated May 18, 2015, charging Petitioner with Possession of Tobacco and Escape (Id., p. 21 - 22.); (4) A copy of a "Receipt – Administrative Remedy" dated July 20, 2015, from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office (Id., p. 23.); and (5) A copy of an "Extension of Time for Response – Administrative Remedy" dated July 20, 2015, from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office (Id., p. 24.).

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North

---

[2] A review of the DHO Report reveals that a re-hearing was conducted on June 9, 2015, concerning Petitioner's charge of Escape in violation of Offense Code § 102. (Document No. 1, pp. 18 - 20.) Petitioner appeared in-person at the hearing conducted on June 9, 2015. (*Id.*) The DHO determined that Petitioner "committed the prohibited act of Code 102, Escape." (*Id.*) The DHO again imposed the following sanctions: "Disallowance of 39 Days Good Conduct Time;" and "Forfeiture of 2 Days Non-Vested Good Conduct Time." (*Id.*)

Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[4] See

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 6, 2015. (Document No. 6, p. 4.)

[4] In finding that Petitioner violated Code 102, the DHO specifically stated that it relied upon the following:
    The CDC hearing was held in Absentia on 04-19-2014 and certified by the DHO on 04-30-2014. This hearing was conducted In-Person as required by policy. Antony was given a copy of the new and original Incident Reports on 05-27-2015. An investigation was conducted and referred to the UDC. The UDC conducted their hearing on 05-28-2015 and referred the Incident Report to the DHO.
    Antony's due process rights were read and reviewed with him by the DHO at the time of the hearing. Antony stated that he understood his rights and acknowledged

e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in

---

receiving a copy of the Incident Report. Antony acknowledged that the UDC discussed with him his rights at the discipline hearing. Anthony raised no issues about the discipline process to this point.
  The DHO finds that Antony committed the prohibited act of escape. To make this finding the DHO relied on the following statement provided by the reporting officer which was contained in the Incident Report.
\*\*\*
  Inmate Antony stated to the Investigating Lieutenant, "I don't want to make any statement." Antony stated to the UDC, "They violated my due process rights." Antony appeared before the DHO and stated his rights had been violated. When asked what rights, Antony stated his due process rights. Antony stated they had no right to hold his hearing in absentia and they should have done an in-person hearing on him over a year ago while he was in federal custody at a holding facility. When specifically asked by the DHO if he was admitting to or denying the charge of escape, Antony stated he did not wish to make any type of statement concerning the charge levied against him.
  The DHO finds it reasonable to believe if Antony had truly not committed this misconduct, he would take every opportunity presented to him, especially at the hearing which will determine whether there is sufficient evidence to support the charge, and at the very least, provide a statement claiming his innocence. Since this did not occur, the DHO can only infer that Antony does not disagree with the charge levied against him. Therefore, the DHO used Antony's silence to draw an adverse inference against him.
  In addition to the adverse inference drawn, the DHO considered Antony's "admit and release history" which shows he was placed on escape status from 04-26-2014 and remained in that status until he was returned to BOP custody on 02-04-2015. Also considered was Antony's Sentence Monitoring Computation Data which stated he was on escape status until he was arrested on 05-12-2014, by the state for larceny. He was turned over to the USM on 12-18-2014.
  Accordingly, the DHO gives greater weight to the reporting officer's statement and finds Antony committed the prohibited act of Code 102, Escape. (Document No. 1, pp. 19 - 20.)

Federal Custody under 28 U.S.C. § 2241(Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 25, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge